**FILED**
**CLERK**

9/30/2016 3:22 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANTHONY D. JENKINS, #441108,

                      Plaintiff,

          -against-

SUFFOLK COUNTY CORR. FACILITY; MEDICAL,
Riverhead Correctional Facility; STAFF IN MEDICAL,
Riverhead Correctional Facility,

                   Defendants.

------------------------------------------------------------------------X

**ORDER**
16-CV-3816 (JMA)(AKT)

**AZRACK, District Judge:**

      On July 5, 2016, incarcerated pro se plaintiff Anthony D. Jenkins filed an in forma pauperis

complaint against the Suffolk County Correctional Facility (the "Jail"), and unidentified "Staff in

Medical" at the Riverhead Correctional Facility ("Medical Staff" and together, "defendants")

pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights.

For the reasons that follow, the Court grants plaintiff's request to proceed in forma pauperis and

sua sponte dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## I.    BACKGROUND[1]

      Plaintiff's sparse allegations seek to challenge the adequacy of the medical care provided

to him during his incarceration at the Suffolk County Correctional Facility in Riverhead, New

York.   The "Statement of Claim" alleges, in its entirety:[2]

> I Anthony D. Jenkins are filing Civil Rights complaint, the medical staff in
> Riverhead Facility 110 Center Dr. 11901.   I made numbers report with a request

---

[1]   All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2]   Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation, and grammar have not been corrected or noted.

> slip for 6 month when they finally got me down to medical it was to late.   Tuma
> that started while being incarcerated was the size of a tennis ball.   Had sergury 6-
> 6-16 at Peconk Bay Hospital Riverhead NY 11901.   Am complating that my case
> is lack of medical treatment.   Alot of stress & worry because I went 6 months
> worring about the matter could have been worser.

Compl. at ¶ IV.   In the space on the form complaint that calls for a description of any claimed

injuries and any medical treatment that was required and/or provided, plaintiff alleges:

> My claim is that they never called me down to medical after dropping a numbers
> of medical slips to see the Doctor.   Also am complating that tuma got real large
> when they did call me to medical they didn't have a choose to have surgery to
> remove it if medical would have call me down when I was dropping request I would
> have had surgery before 6 month of complianting.

Id. at ¶ IV.A   For relief, plaintiff alleges:

> I would feel relief that I had to go this way for other to receive medical atention
> when its needed also I would feel relief knowing that am receiving something for
> my stressing & suffering to find out what medical illness I was facing.

Id. at ¶ V.

## II.   DISCUSSION

### A.   In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma

pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of

the filing fee.   28 U.S.C. § 1915(a)(1).   Therefore, plaintiff's application to proceed in forma

pauperis is granted.

### B.   Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint

brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any

portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon

which relief may be granted."   28 U.S.C. § 1915A(b)(1).   Similarly, pursuant to the in forma

pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).   The Court must dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."   Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).    In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests.   United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").   However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."   Id.   While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   Id. at 678 (quoting Twombly, 550 U.S. at 555).

3

**C.      Section 1983**

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.   Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."   Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).   In order to state a § 1983 claim, a plaintiff must allege two essential elements.   First, the conduct challenged must have been "committed by a person acting under color of state law[.]"   Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted).   Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."   Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).   In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.   Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

**1.      Section 1983 Claims Against the Jail**

Plaintiff names the Jail as a defendant.   However, the Jail is a non-suable entity because it is merely an administrative arm of the County of Suffolk.   "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."   See Rose v. County of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d

4

293, 303 (S.D.N.Y. 2002)); see also Sims v. SecurusTech.net Connection, 13-CV-5190, 2014 WL 1383084, *4 (E.D.N.Y. Apr. 8, 2014) ("The Suffolk Jail is an administrative arm of the County of Suffolk, and thus, lacks capacity to be sued."); McKoy v. Suffolk Cnty. Corr., 14-CV-0249, 2014 WL 824516, at *2 (E.D.N.Y. Mar. 3, 2014); Fofana v. Suffolk Cnty. Corr. Facility, 13-CV-0443, 2013 WL 2285753, *3 (E.D.N.Y. May 20, 2013). Therefore, plaintiff's claims against the Jail are implausible as a matter of law and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

However, given plaintiff's pro se status and affording his complaint a liberal construction, the Court considers whether plaintiff has alleged a plausible claim if the complaint were construed as against the County of Suffolk.   For the reasons that follow, the Court finds that he has not.

It is well-established that a municipality, such as Suffolk County, may be liable under Section 1983 only if the plaintiff proves that "action pursuant to official municipal policy of some nature caused a constitutional tort."   Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004).   Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights.   See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees.   Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d

463, 478 (E.D.N.Y. 2002); Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996).  "'[A]

single incident in a complaint, especially if it involved only actors below the policy-making level,

does not suffice to show a municipal policy.'"   DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998)

(quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

Here, even affording the pro se complaint a liberal construction, there are simply no factual

allegations from which the Court may reasonably infer that the conduct or inaction of which

plaintiff complains was caused by some policy or custom of Suffolk County.   Santos v. New York

City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support,

at least circumstantially, an inference that such a municipal policy or custom exists.").

Accordingly, plaintiff has not alleged a plausible Section 1983 claim against Suffolk County and

such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),

1915A(b)(1).

## 2.    Claims Against the Unidentified Medical Staff

Although plaintiff names the Medical Staff in the caption of his complaint, he does not

include any factual allegations of conduct or inaction attributable to any particular person, nor does

he provide any descriptive information from which the identities of the individuals he seeks to sue

could be ascertained.   To be liable under Section 1983, "each defendant must have been

personally involved in the alleged constitutional violation" in order to be held liable under Section

1983.  Tricoles v. Bumpus, 05-CV-3728, 2006 WL 767897, *3 (E.D.N.Y. Mar. 23, 2006) (citing

Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Without any allegations of personal

involvement, plaintiff's Section 1983 claims against the unidentified "Medical Staff" are

implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),

1915A(b)(1).  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. Jan. 12, 2010) (finding that

6

a complaint based upon a violation of Section 1983 that does not "allege sufficient personal involvement" of a defendant "fail[s] as a matter of law[.]").

### D.   Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999)) (internal quotation marks omitted). Indeed, a pro se plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint . . . ." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id.

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaints. Plaintiff is afforded an opportunity to file an amended complaint in accordance with this Order. Plaintiff is cautioned that, to the extent that plaintiff seeks to pursue a Section 1983 claim for inadequate medical treatment, he "must allege 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" Johns v. Goord, 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To establish an Eighth Amendment[3] violation arising out of inadequate medical

---

[3]   Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no moment given that the standard for deliberate indifference is the same whether brought under the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71–72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the

treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, 09-Civ-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness of or deliberate indifference to his medical needs).  "[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).   The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id.   The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Id.   The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id.   The United States Supreme Court has stated that deliberate indifference "entails something more than mere negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this order, 16-CV-3816(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.   Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue in the amended complaint.   Further, if plaintiff does not file an amended complaint within the time allowed, judgment shall enter and this case shall be closed.

---

Fourteenth Amendment).

### III.     CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.   Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 16-CV-3816 (JMA)(AKT), and shall be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated:  September 30, 2016
Central Islip, New York

                                                                    /s/ JMA
                                                        JOAN M. AZRACK
                                                         UNITED STATES DISTRICT JUDGE

9